IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRIA HEINEMEIER, as the Special Administrator of the ESTATE of KATIE L. BUNT, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-2005-SMY-GCS |
| vs. | ) ) | |
| CITY OF ALTON, POLICE CHIEF JAKE SIMMONS, and OFFICER WILLIAM J. REED | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andria Heinemeier, Special Administrator of the Estate of Katie L. Bunt, brings this action against the City of Alton, Police Chief Jake Simmons, and Officer William J. Reed alleging violations of 42 U.S.C § 1983 and state law claims. Now before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amendment (Doc. 33). Plaintiff filed a Response (Doc. 40). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

### Background

Plaintiff makes the following relevant allegations in the Complaint: Plaintiff's decedent, Katie Bunt, was a friend of Kelsey Barnes. Barnes had an active order of protection against Caleb Lenhardt that was in full force and effect on July 21, 2018 and July 22, 2018 (Doc. 14, ¶ 5).

Lenhardt had previously been accused of attempting to run other individuals over with his car (Doc. 14, ¶ 11). In particular, Lenhardt had injured Zacharia Yinger with his car on July 8,

2018 (Doc. 14, ¶ 11). The Alton Police Department and Officer Reed were aware of the accusations and incident and knew that Lenhardt had a history of violent behavior (Doc. 14, ¶ 10).

On July 21, 2018 or July 22, 2018, Officer Reed observed Lenhardt to be intoxicated and in violation of an active order of protection (Doc. 14, ¶ 14). He also knew that Katie Bunt was friends with and was in physical proximity to a Kelsey Barnes (Doc. 14, ¶ 18).

In the early morning hours of July 22, 2018, Kelsey Barnes contacted the Alton Police Department to report that she felt threatened by Lenhardt (Doc. 14, ¶¶ 8-9). Officer Reed instructed Barnes to "stay in or near her car." In effect, Barnes stayed in relative proximity to Lenhardt (Doc. 14, ¶ 21). Katie Bunt was standing with Barnes when Lenhardt intentionally drove his vehicle towards them. Lenhardt's automobile struck and ran over Katie Bunt, crushing her skull and ultimately killing her (Doc. 14, ¶¶ 23-25).

Plaintiff further alleges that the City of Alton adopted policies by which it failed to train police officers to arrest individuals who have violated valid orders of protection (Doc. 14, ¶ 29) and failed to supervise officers (Doc. 14, ¶ 30). Alton Police Chief Jake Simmons was a policy-making official and was aware that employees would confront particular situations where the failure to arrest dangerous persons would result in serious injuries to victims (Doc. 14, ¶ 31). Additionally, the Alton Police Department has a history of mishandling situations such as Officer Reed's failure to arrest Lenhardt for violating the order of protection (Doc. 14, ¶ 32).

Plaintiff asserts three causes of action in the Complaint:

**Count I:** a claim under Illinois Common Law for willful and wanton conduct against Alton Police Officer Reed.

**Count II:** a claim under 42 U.S.C. § 1983 Due Process Violation – State Created Danger – against City of Alton, Alton Police Chief Jake Simmons, and Officer William J. Reed for violation of the Fourteenth Amendment due process clause;

> **Count III:** a claim under 42 U.S.C. § 1983 Due Process Violation – Inadequate Training and Failure to Supervise – against City of Alton, Alton Police Chief Jake Simmons, and Officer William J. Reed for violation of the Fourteenth Amendment due process clause;

Defendants move this Court to dismiss Plaintiff's Complaint for failure to state a claim.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### Willful and Wanton Conduct (Count I)

With respect to Plaintiff's state law willful and wanton conduct claim, Plaintiff concedes that Defendant Officer Reed is entitled to absolute immunity under the Illinois Local Government Immunity Act (745 ILCS 10/1-101, et seq.) and cannot be held liable for a state tort claim (Doc. 40, ¶ 1). Therefore, Defendant's Motion to Dismiss Count I is granted.

### § 1983 Due Process Violation – State Created Danger (Count II)

Generally, the failure of the state to protect a person against private violence does not amount to a violation of the Due Process Clause. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989). However, while the general rule forecloses governmental liability for the failure to protect persons from injury at the hands of private actors, the Supreme Court in *DeShaney* did suggest that the state–created danger theory is as an exception to that rule. *Id.* Under *Deshaney*, to establish a substantive due process claim under a state-created danger theory, a plaintiff must demonstrate that: (1) the government, by its affirmative acts, created or increased a danger that plaintiff faced; (2) the government's failure to protect her from danger was the proximate cause of her injuries; and (3) the government's failure to protect her "shocks the conscience." *Id., see also King ex rel. King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817–18 (7th Cir. 2007).

Here, Plaintiff alleges the Alton Police Department affirmatively guided Barnes to be in or near her car, which exposed her to intoxicated Lenhardt and created dangerous circumstance. Plaintiff further alleges that the police officers could have ordered the victims to move to a safer place where Lenhardt could not find them easily, or they could have arrested intoxicated Lenhardt or prevented him from approaching Barnes and Bunt. Plaintiff also claims the Alton Police Department and Officer Reed had direct knowledge that Lenhardt was violent, intoxicated, and in violation of an active order of protection but did nothing to protect Barnes and Bunt from Lenhardt, and instead instructed them stay in or near Barnes' car, thereby creating and substantially contributing to a danger to Bunt. Based on these detailed factual allegations, Plaintiff has sufficiently stated a colorable state created danger claim under *DeShaney*, and Defendants' Motion to Dismiss Count II is denied.

### § 1983 *Monell* Violation – Inadequate Training and Failure to Supervise (Count III)

Under *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a municipality may be liable for monetary damages pursuant to 42 U.S.C. § 1983 "if the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (*citing Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Heightened pleading standards do not apply to *Monell* claims. *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016)

Here, Plaintiff sufficiently alleges that the policies and widespread informal practices of the Alton Police Department were the moving force behind the failure to protect Plaintiff's decedent from the known risk of injury from Lenhardt. Specifically, Plaintiff alleges that (1) Reed failed to arrest Lenhardt; (2) the City of Alton adopted polices in which it failed to train police officers to arrest individuals who have violated valid orders of protection; (3) the City of Alton also adopted policies in which it failed to supervise officers; (4) Alton Police Chief Jake Simmons was a policy-making official and was aware that employees would confront particular situations where the failure to arrest dangerous persons would result in serious injuries to victims; (5) the Alton Police Department has a history of mishandling situations such as Officer Reed's failure to arrest Lenhardt for violating an order of protection. Plaintiff further alleges that as a result of the City of Alton and Alton Police Chief Jake Simmons failure to train and supervise Officer Reed, Officer Reed failed to arrest Lenhardt even though he knew Lenhardt was in violation of an active order of protection, had a history of violent behavior, and was intoxicated.

Drawing all inferences in Plaintiff's favor as the Court must do at this stage, the Court finds these allegations sufficient to state a plausible claim and to put the City on notice of the claims against it. Accordingly, Defendants' Motion is denied as to the claims asserted in Count III against Defendants City of Alton, Alton Police Chief Jake Simmons, and officer William J. Reed.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 33) is **GRANTED** as to Count I and **DENIED** as to Count II and Count III against Defendants Alton Police Department, Police Chief Jake Simmons, and Police Officer William J. Reed.

**IT IS SO ORDERED.**

**DATED: June 19, 2019**

**STACI M. YANDLE**
**United States District Judge**